T.C. Summary Opinion 2007-68

UNITED STATES TAX COURT

BARBARA A. TRIMBLE-GEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6051-06S.                    Filed May 1, 2007.

Barbara A. Trimble-Gee, pro se.

<u>Daniel J. Parent</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.  Pursuant to
section 7463(b), the decision to be entered is not reviewable by
any other court, and this opinion shall not be treated as
precedent for any other case.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $4,945 and $4,734, respectively, in petitioner's 2001 and 2002 Federal income tax.[1] Respondent also determined an accuracy-related penalty for each year. The issues for decision are (1) whether petitioner can deduct business-related expenses, and (2) whether petitioner is liable for the accuracy-related penalties.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Pittsburg, California.

In 2001 and 2002, petitioner was employed full-time by the Internal Revenue Service as an examination group manager. Petitioner also operated a cleaning business on weekends and holidays.

During the years at issue, petitioner owned a Plymouth Voyager (the Voyager). In July 2001, petitioner also purchased a Chevrolet Astro Van (the Astro Van) for a total of $25,379 after

---

[1] All dollar amounts are rounded to the nearest dollar.

rebate. Petitioner used the vehicles to bring equipment to the houses and businesses she cleaned, as well as for personal use.[2]

On her 2001 and 2002 Federal income tax returns, petitioner reported the income and expenses of the cleaning business on Schedules C, Profit or Loss From Business. On her 2001 Schedule C, petitioner reported gross income of $5,745 and expenses of $28,026. On her 2002 Schedule C, petitioner reported gross income of $2,377 and expenses of $28,045.

In January 2006, respondent issued petitioner a notice of deficiency. For the taxable year 2001, the notice disallowed claimed deductions for $16,815 of depreciation and section 179 expense; $4,031 of car and truck expense; and $323 of interest expense. For the taxable year 2002, the notice disallowed claimed deductions for $2,977 of depreciation and section 179 expense; $10,390 of car and truck expense; $1,302 of meals and entertainment expense; $329 of travel expense; $898 of wage expense; and $5,202 of "remaining expenses", which consist of items such as rent, supplies, and utilities expenses. Respondent also determined a penalty pursuant to section 6662(a) for each year.

---

[2] Petitioner also owned a Volvo station wagon, but she testified that it was not used in connection with the cleaning business.

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed on his return. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992).

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established her compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests. Petitioner therefore bears the burden of proof.

## I. Schedule C Deductions

A taxpayer who carries on a trade or business generally may deduct ordinary and necessary expenses paid or incurred in connection with the operation of the business. Sec. 162(a); see also FMR Corp. & Subs. v. Commissioner, 110 T.C. 402, 414 (1998). Respondent does not dispute that the cleaning business qualifies as a trade or business for Federal income tax purposes. Thus, we

address only whether the expenses were ordinary and necessary, and whether they were paid or incurred in connection with the business.

A.    Depreciation and Section 179 Expense

For 2001, petitioner made an election under section 179 to expense a portion of the cost of the Astro Van.  Petitioner claimed a $17,886 deduction, representing a business usage of 63.88 percent multiplied by a reported total cost of $28,000.[3] Respondent determined that petitioner was not eligible to make the election.  Respondent instead allowed petitioner a depreciation deduction of $1,071 and disallowed the remaining $16,815 claimed on Schedule C.

For 2002, petitioner claimed depreciation and section 179 expense of $5,378.  Respondent allowed petitioner a deduction of $2,401 for depreciation expense and disallowed the remaining $2,977.

In general, a taxpayer is allowed as a depreciation deduction a reasonable allowance for the exhaustion, and wear and tear of property used in a trade or business.  Sec. 167(a). Under section 179, a taxpayer may elect to expense the cost of certain property rather than capitalizing and depreciating the cost over time.  See sec. 179(a); Govier v. Commissioner, T.C.

---

[3] The parties stipulated that the cost of the Astro Van after rebate was $25,379.  Petitioner did not explain why she calculated the sec. 179 deduction based on a cost of $28,000.

Memo. 1990-611. The deduction is allowed for the taxable year in which the property is placed in service. Sec. 179(a). If the property is used for trade or business as well as other purposes, the portion of the cost of the property attributable to the trade or business use is eligible for expensing under section 179 if more than 50 percent of the property's use is for trade or business purposes. See sec. 1.179-1(d)(1), Income Tax Regs.; see also Whalley v. Commissioner, T.C. Memo. 1996-533.

For 2001, respondent determined that 35 percent of the Astro Van's use was for trade or business purposes. Petitioner, in contrast, contends that the business use was 63.88 percent. To support her contention, petitioner introduced, inter alia, a document titled "Weekly Expenses" that includes notations such as "Vallejo/SF 18th", "San Leandro 9/22", and "Riverside 5 - 7th". According to petitioner, these notations represent business trips taken in the Voyager or the Astro Van. The document does not indicate the distance between petitioner's home and the destinations listed, however, nor does it describe the purpose of the trips. In addition, it is not always clear whether a particular trip was made in the Voyager or the Astro Van.

We also note that petitioner indicated Riverside, California, was approximately a 500-mile round trip from her home. When asked how it was economically feasible to travel that distance for her cleaning business, petitioner explained that she

hoped to obtain a large cleaning contract that would enable her to relocate to southern California.  Petitioner gave no details about her efforts to obtain such a contract, however, and petitioner acknowledged that her sister lived in or near Riverside at the time.

We conclude that petitioner has failed to establish that more than 50 percent of the Astro Van's use in 2001 was for trade or business purposes.  Accordingly, she is not entitled to make the election under section 179.  See sec. 1.179-1(d)(1), Income Tax Regs.  Because petitioner introduced no credible evidence establishing that respondent's allowance for depreciation expense was incorrect for either 2001 or 2002, respondent's determination on this issue is sustained.[4]

B.    Expenses Subject to Section 274(d)

Section 274(d) imposes strict substantiation requirements for listed property, travel, entertainment, and meal expenses. Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  To obtain a deduction for such expenses, a taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony the amount

---

[4] The Code imposes additional restrictions on a taxpayer's ability to expense the cost of property under sec. 179.  See, e.g., secs. 179(b)(3)(A), 280F(d).  Because petitioner failed to establish that more than 50 percent of the Astro Van's use in 2001 was for trade or business purposes, we do not address these provisions.

of the expense, the time and place of the use, the business purpose of the use, and, in the case of entertainment, the business relationship to the taxpayer of each person entertained. Sec. 274(d); sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

With respect to the claimed deductions for travel, entertainment, and meal expenses, petitioner introduced a number of receipts and other records. However, the receipts and records fail to establish the business purpose of the expenses. Accordingly, petitioner is not entitled to deductions for these items for the taxable year 2002.

With respect to the claimed deductions for car and truck expense, listed property generally includes passenger automobiles and any other property used as a means of transportation. Sec. 280F(d)(4)(A)(i) and (ii). In general, a passenger automobile includes any truck or van that is 6,000 pounds "gross vehicle weight" or less. Sec. 280F(d)(4) and (5)(A); sec. 1.280F-6T(c)(1)(ii), Temporary Income Tax Regs., 49 Fed. Reg. 42713 (Oct. 24, 1984).

The Internal Revenue Code does not define the term "gross vehicle weight". The regulations define it as "the value specified by the manufacturer as the maximum design loaded weight of a single vehicle." Sec. 48.4064-1(b)(3)(iv), Manufacturers & Retailers Excise Tax Regs. The term "gross vehicle weight

rating" is similarly defined as "the value specified by the manufacturer as the loaded weight of a single vehicle." 49 C.F.R. sec. 571.3(b) (2006); see also 40 C.F.R. sec. 600.002-08 (2006). The parties stipulated that a 2001 Astro Van has a gross vehicle weight rating of 5,950 pounds. Accordingly, the Astro Van is a passenger automobile and subject to the requirements of section 274(d).[5]

For 2001, petitioner claimed a $5,459 deduction for car and truck expense. Respondent allowed $1,428 of that amount and disallowed the remaining $4,031. For 2002, petitioner claimed an $11,430 deduction for car and truck expense. Respondent allowed $1,040 of that amount and disallowed the remaining $10,390.

For the reasons discussed above, petitioner's records fail to meet the requirements of section 274(d). Accordingly, petitioner is not entitled to deductions for car and truck expense beyond the amounts that respondent allowed. Respondent's determination on this issue is sustained.

---

[5] A pickup truck or van is excluded from the substantiation requirements of sec. 274(d) if the truck or van is specially modified to exclude more than de minimis personal use. Sullivan v. Commissioner, T.C. Memo. 2002-131 n.2 (citing sec. 1.274-5T(k)(7), Temporary Income Tax Regs., 50 Fed. Reg. 46035 (Nov. 6, 1985)). Because petitioner has not argued or demonstrated that the Astro Van was so modified, this exception does not apply.

C.    Interest, Wage, and Remaining Expenses

As indicated above, respondent disallowed claimed deductions for interest expense, wage expense, and remaining expenses, such as rent, supplies, and utilities expenses. Petitioner either failed to establish that she paid or incurred these expenses, or that they were incurred in connection with the cleaning business. Respondent's determination therefore is sustained.

II.  Accuracy-Related Penalty

Section 6662(a) provides that a taxpayer may be liable for a penalty of 20 percent of the portion of an underpayment of tax attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. Disregard of rules or regulations includes any careless, reckless, or intentional disregard. Sec. 1.6662-3(b)(2), Income Tax Regs. The Commissioner bears the burden of production with respect to the accuracy-related penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). An exception to the section 6662(a) penalty applies when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c).

Respondent determined a $989 penalty for 2001 and a $947 penalty for 2002.  We sustain the penalty for each year. Petitioner's records are wholly inadequate to substantiate the disallowed deductions.  Petitioner's failure to maintain records is especially egregious considering that she worked for the Internal Revenue Service during the years at issue.  Petitioner should understand the record-keeping requirements imposed by the Internal Revenue Code.  See sec. 6001.  Petitioner should also understand why the evidence she introduced at trial fails to satisfy those requirements.  Respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.